IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

        Plaintiff,

vs.                                                  CIVIL NO.  08-MC-30 MV

PAUL LANOIE, JR.,

        Respondant.

## ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Paul Lanoie, Jr.'s ("Lanoie") Request for Appointment of Counsel for Contempt Proceeding [Doc. 47]. An evidentiary hearing was conducted on January 6, 2011.

    1. Pursuant to Walker v. McLain, 768 F.2d 1181 (10th Cir. 1985), an indigent defendant is entitled to court-appointed counsel, even in a civil contempt proceeding if the proceeding may result in deprivation of liberty. The burden of establishing indigency is on the defendant. United States v. Sandoval, No. CR 09-3456 JB, 2010 WL 4338061, at *4 (D.N.M. Oct. 4, 2010); United States v. Barcelon, 833 F.2d 894, 896 (10th Cir. 1987).

    2. The defendant's burden of proof is by an preponderance of the evidence. In a case such as the one at bar, Lanoie's testimony on income, assets and other matters relevant to the issue of indigency has the potential of being used against him in the underlying case or in subsequent prosecutions. Accordingly, to protect Lanoie's constitutional rights, the Court implemented the following prophylactic measures:

  A.  The CJA 23 Financial Affidavit submitted in support of Lanoie's application for appointment of counsel will be filed under seal.  It will not be made available to the Department of Justice or to the Internal Revenue Service.

  B.  While the Court is entitled to conduct an adversarial hearing on the issue of whether Lanoie is or is not indigent, in accord with the recommendations of <u>United States v. Sandoval</u>, the Court opted to proceed by way of ex parte application and took Lanoie's evidence outside the presence of the Assistant United States Attorney or Internal Revenue Service representatives.

  C.  The transcript of proceedings will be sealed.

  D.  The trial judge assigned the undersigned Magistrate Judge to conduct the evidentiary hearing and to make an independent determination of eligibility for appointment of counsel.

  3.  Lanoie's Financial Affidavit was submitted under penalty of perjury, and prior to the commencement of the evidentiary hearing, he was sworn.  The failure to testify truthfully could subject a witness to criminal charges of perjury or making a false statement.

  4.  Lanoie's testimony was taken in a sealed proceeding outside the presence or hearing of Plaintiff's representatives or attorneys.

  5.  Using the same standard applicable to appointment of counsel in criminal proceedings, *see* <u>United States v. Sandoval</u>, the Court determines that Lanoie has carried his burden of persuasion and demonstrated that he is truly indigent, and, therefore, entitled to Court-appointed counsel.

  6.  The Clerk of Court will appoint the Federal Public Defender Organization to represent Lanoie in reference to this civil contempt proceeding.

SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge