IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA/**
**INTERNAL REVENUE SERVICE**,

    Petitioner,

v.                                                                                                    **Misc. No. 08-30 MV**

**PAUL LANOIE, JR.**,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Respondent Paul Lanoie, Jr.'s *Motion for Leave to File Under Seal Respondent's Declaration re Court's Order Dated December 15, 2010*, filed January 3, 2011 (Doc. 46); on the United States' *Objection to Respondent's Second Surreply*, filed January 20, 2011 [Doc. 55]; and on Lanoie's *Motion to File a Surreply Out of Time*, filed February 4, 2011 [Doc. 58], which Lanoie improperly filed pro se after he had been appointed counsel.

**I.    BACKGROUND.**

The United States filed a *Motion for Contempt* on May 19, 2010 (Doc. 25). In response, Lanoie, who until January 6, 2011 had been appearing pro se, timely filed only a motion to vacate the motion, contending that I had no jurisdiction to decide it because of a pending appeal. *See* Doc. 30. The United States filed a notice that briefing on the motion for contempt was completed on June 11, 2010. *See* Doc. 33. But on June 16, Lanoie filed what he called a *Surreply and Response* to the motion for contempt, arguing that the motion for contempt was procedurally premature, and contending that "it is inevitable" that he would prevail on appeal. *See* Doc. 34. The United States moved to strike the surreply because Lanoie had not requested or received permission to file it, *see* Doc. 36 at 1 (quoting D.N.M.LR-Civ. 7.4(b) "The filing of a surreply requires leave of the Court."),

so Lanoie filed a motion to file a surreply, making the same arguments he made in his previously-filed surreply, *see* Doc. 37. On December 15, 2010, the Court struck document 34 but granted Lanoie's request to file the surreply contained in document 37. *See* Doc. 44 at 3-4.

In that same Order, the Court ordered Lanoie to appear for a hearing on the motion for contempt on January 6, 2011. *See id.* Three days before the hearing, Lanoie requested court-appointed counsel in this case. *See* Doc. 47 at 4-5. But in that same document, Lanoie improperly combined[1] with the motion for appointment of counsel *another* "Surreply and Response" to the Motion for Contempt, which made different arguments than the surreply he had filed as document 37, and he also attached a transcript of a July 15, 2010 summons hearing and several exhibits. *See* Doc. 47 at 1, 5-28. The United States moved to strike the second surreply. *See* Doc. 55.

Although Lanoie correctly contended in his January 3, 2011 motion that he may be represented at the contempt hearing, he made no suggestion in his motion that he was indigent. Instead, Lanoie waited two more days – until the day before the hearing – to file documents alleging that he is indigent and unable to afford counsel. He also contended that, if he revealed information regarding his indigency to the United States, it could possibly use that information to criminally prosecute him. *See* Docs. 48, 53.

The Court arranged for the Honorable Magistrate Judge Lorenzo Garcia to hold an emergency *ex parte* hearing on Lanoie's claim of indigency and motion for appointment of counsel immediately before the January 6 hearing, and Judge Garcia orally granted the motion. The Court

---

[1] Administrative Order 92-88 requires parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought" except for motions pled in the alternative. The purpose of this Order is to avoid confusion whether a party has responded to motions and/or issues and to allow responses and replies to be properly linked to the relevant motion in the electronic record.

then stayed the hearing on the motion for contempt except to ascertain that Lanoie had again refused to comply, on the basis of an alleged Fifth-Amendment privilege, with the Court's December 15, 2010 Order giving him one last opportunity to "give testimony regarding all assets that are held by him or by another person on his behalf, as well as the assets of any entity or business or holding in which he has a legal or equitable interest."  Doc. 44 at 3.  Judge Garcia appointed an attorney from the Federal Public Defender's office to represent Lanoie.  *See* Doc. 52 and subsequent text-only entry noting appointment.

  II.  **ANALYSIS**

  **A.  The motion to file documents under seal.**

In his motion to file documents under seal,  Lanoie requests that he be allowed to file under seal a "Declaration: Re Court's Order dated December 15, 2010," and the "Transcript of Paul Lanoie's Summons Hearing Held on July 15, 2010 at 2:00 p.m" that was also attached to his second Surreply filed the same day.  *See* Doc. 46 at 1.  He admits that he has also filed that transcript and the other attached exhibits as exhibits to his second "Surreply" filed as part of document 47, *see* Doc. 46 at 1-2, along with the legal argument located in the 8-page "Statement of Points and Authorities."

Lanoie also states, however, that his declaration "discloses information privileged under the Fifth Amendment." *Id.* at 2.  Lanoie separately filed that declaration under seal as document 45.  The declaration consists of his view of the procedural history in this case and his statement that he has a real fear of criminal prosecution because he has not yet filed income taxes for the years 2007 and 2008.  *See* Doc. 45.  Lanoie does not say in his motion what the "privileged" information in his declaration is, and nothing in the declaration appears to be confidential, privileged, or information that the IRS does not already know.  If Lanoie is attempting to imply that his admission that he has

not yet filed income tax forms for 2007 or 2008 is confidential, that fact is already apparent by the absence of those documents in the IRS's tax files. He also previously made the argument regarding an alleged fear of criminal prosecution in his second appeal to the Tenth Circuit, so that "declaration" is not confidential. The Tenth Circuit refused to address the argument because Lanoie had not raised it before the Court. *See United States v. Lanoie*, No. 10-2125, 2010 WL 4813609, *5-*6 (10th Cir. Nov. 24, 2010) (unpublished) (noting that Lanoie argued that the Court used the wrong standard in ruling on his claim of Fifth-Amendment privilege because he has a "real and appreciable fear of criminal prosecution because the IRS alleges he fails to file tax returns, a crime pursuant to 26 U.S.C. Section 7203, or even Section 7201" and that, "[e]ven were we to address it, Mr. Lanoie fails to point us to where in the record the IRS claimed he had failed to file tax returns"). Because it contains no confidential or privileged information, I will deny the request to file the declaration under seal.

Lanoie's attempt to file under seal the July 15, 2010 transcript, legal argument, and exhibits that also are already part of the record as his untimely second Surreply in document 47 is frivolous. It seems clear that his sole purpose in attaching these documents to the motion is to get into the record another attempt to file untimely arguments regarding the contempt issues. I will deny Lanoie's motion to file the transcript under seal and will strike the improperly-filed and superfluous transcript, exhibits, and "Statement of Points and Authorities."

### B. The motion to strike the second surreply.

As noted above, Lanoie improperly combined his motion for appointment of counsel with a second surreply to the motion for contempt, and the United States has moved to strike the surreply as untimely and because it violates the local rules. *See* Doc. 55 at 3. As the United States points out, Lanoie knew before he filed it that he may not file a surreply without prior leave of the Court.

Further, the timing of the second filing is extremely suspect. As noted above, briefing on the motion for contempt was completed on June 11, 2010 but the Court granted Lanoie's June 30, 2010 motion to file an untimely surreply. Lanoie has a practice of waiting until the last moment before a hearing to file a flurry of new motions, objections, and "declarations" that raise new arguments and that do not give the United States an opportunity to respond.

As noted below, I will strike all documents that Lanoie has filed pro se after counsel was appointed on January 6, 2011. But if I were to consider Lanoie's response to the motion to strike that Lanoie filed on February 4, 2011, I would conclude that his arguments are frivolous. Lanoie frivolously contends that the second surreply is in fact a properly filed "response" to the Court's December 15, 2010 Order permitting him to file a surreply. But the December 15, 2010 Order clearly permitted only the filing of the June 30, 2010 Surreply, and not the filing of a new surreply that raises new issues and arguments and attaches new documents. Lanoie's argument that the United States' request to strike the surreply is waived because it did not object when Judge Garcia orally granted the motion for appointment for counsel (after a hearing from which the United States was excluded on Lanoie's request and which Lanoie had improperly combined with the surreply) is also without merit. Lanoie urges me to make a ruling that serves "the ends of justice." I conclude that justice is best served by striking Lanoie's untimely and last-moment second surreply.

### C.     Improperly filed documents shall be struck.

Lanoie requested, and the Court granted, his motion for appointment of counsel. The only issue that remains in this case is whether Lanoie may be held in contempt for refusing to obey the Court's Orders that enforce the administrative summons. A party may either represent himself or be represented by counsel. *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"). But parties have no statutory or constitutional right to a sort of "hybrid

counsel" that allows the party *and* counsel to conduct the proceedings and file documents after a party requests, and receives, appointment of counsel. *See United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975) ("The Sixth Amendment does not give any indication that hybrid representation is a right of constitutional dimensions. Title 28 U.S.C. § 1654 is written in the disjunctive-'parties may . . . conduct their own cases personally or by counsel . . . .' Thus no statutory right of hybrid representation is accorded."). Thus, after counsel has been appointed, only counsel may file motions and other documents into the record. *See United States v. Mackovich,* 209 F.3d 1227, 1236 (10th Cir. 2000) (noting that "the requirement that a defendant clearly and unequivocally assert his intention to represent himself . . . also prevents a defendant from taking advantage of and manipulating the mutual exclusivity of the rights to counsel and self-representation.") (internal quotation marks omitted); *United States v. Reddeck*, 22 F.3d 1504, 1510-11 (10th Cir. 1994) ("We have repeatedly shown concern with the use of the right to waive counsel as a 'cat and mouse' game with the courts. Once the defendant has elected either to waive appointed counsel or waive the constitutional right to defend himself, he does not have an unlimited right to thereafter change his mind and seek the other path of representation.") (citations omitted); *cf. United States v. Stanley*, No. 09-1467, 396 Fed. App'x 482, 487, 2010 WL 3611396, *5 (10th Cir. Sept. 17, 2010) (unpublished) (invoking policy of addressing on direct appeal only issues raised by counsel, where defendant was represented, and denying motion to file a pro-se supplemental brief or to consider pro-se "correspondence complaining about his current counsel of record and requesting appointment of substitute counsel"). The Court will strike all documents signed and filed by Lanoie after counsel was appointed at his request.

**IT IS ORDERED** that Lanoie's motion to file documents under seal [Doc. 46] is DENIED; that the Clerk shall immediately unseal Documents 45 and 46; and that pages 3-26 of Document 46 are STRUCK from the record;

**IT IS FURTHER ORDERED** that the United States' objection to the second surreply [Doc. 55] is GRANTED and Document 47 is STRUCK from the record;

**IT IS FURTHER ORDERED** that Lanoie's motion to file a second surreply out of time [Doc. 58] and his response to the objection to the second surreply [Doc. 57] are STRUCK from the record.

**SO ORDERED** this 2nd day of March, 2011.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE

*For Petitioner United States*:

Kenneth Gonzales
U.S. Attorney
Manuel Lucero
Assistant U.S. Attorney
US Attorney's Office
Albuquerque, NM 87103

*For Respondent Paul Lanoie*:

Kari Converse
Federal Public Defender
Albuquerque, NM 87102